Sheer, J.,
delivered tbe opinion ..of tbe’court;
Tbe defendant suffered a decree pro confesso against him upon attachment bill filed on tbe 6th of July, 1874, on tbe ground of nonresidence, and within twelve months from the date of said decree, he comes into court and asks to have said decree set aside, and that he be permitted to make defense. H e alleges that the lot levied on and decreed to be sold, was his homestead, and he tenders a plea in abate *210 ment, traversing tlie averment of bis nonresidence. Tbe statute under which he proceeds, is in the following words: “In all cases of attachment sued out because the defendant resides out of the state . . . the decree by default may be set aside upon application of the defendant, and good cause shown within twelve months thereafter, and defense permitted upon such terms as the court . . . may impose.” Code, sec. 3529 [Shannon’s Code, sec. 5289.]
Under this statute it has been several times adjudged that it must appear, as matter of fact, that the defendant was a nonresident, and that the words, “good cause shown” have reference to the merits of the litigation. Gill v. Wyatt, 6 Heis., 91; Smith v. Foster, 3 Cold., 144; State, ex rel, v. Hall, 3 Cold., 265. In this case the defendant does not in any manner dispute or contest the justice of the debt on which the suit is based, nor does he attempt to excuse his own laches in not making defense to the suit, of which it plainly appears that he had full notice, and •which he might have defended. In his affidavit, he attempts to show that he was, in fact, not a nonresident, and the defense is that the lot levied on was his homestead. We agree with the chancellor that upon his own showing he does not negative the ground of the attachment, and that his affidavit does not show good cause, in the sense of the statute, to set aside the judgment in order to make the issue. It appears that pending the suit the house upon the lot attached was consumed by fire, and thereupon an amended bill was filed attaching the insurance money in the hands of the Aetna Insurance Company. The company discovered that it was resisting a recovery thereof by the defendant in a suit at law, brought by him, and that the action was still pending. The chancellor gave a decree for the complainant and against the defendant, for his whole debt, and ordered a sale of the lot, but suspended further action in regard to the insurance thus impounded until the action at law was at an end. We think this decree set- *211 tied the rights of the complainant as against the defendant, and that it was a final decree, and that the defendant has no right to come in and defend, under sec. 4376 of the Code [Shannon’s Code, sec. 6186], which provides that a defendant not served with process may appear and defend at any time before final decree.
In every aspect of the case we think its equities are clearly with the complainant.
Affirm the decree.